**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEITH LAVERT McGHEE,

        Petitioner,

vs.                                  Case No.:   3:20-cv-1212-J-39PDB
                                                          3:18-cr-42-J-25PDB

UNITED STATES OF AMERICA,

        Respondent.
_____/

## **ORDER OF DISMISSAL**

This case is before the Court on Petitioner Keith Lavert McGhee's "Petition for Writ of Habeas Corpus," which the Court construes as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] (Civ. Doc. 1, § 2255 Motion and Exhibits; Civ. Doc. 2, Memorandum; Civ. Doc. 3, Affidavit).[2] In 2019, McGhee pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), for which he was sentenced to a term of 60 months in prison. (Crim. Doc. 71, Judgment; Crim. Doc. 62, Plea Agreement). McGhee admitted to unlawfully possessing a Norinco 7.62 x 39 mm rifle and a Rossi .38 caliber revolver, both of which were recovered from a hotel room following a dispute between McGhee and hotel staff. Plea Agreement at 18–19.

---

[1] Section 2255 "replaced traditional habeas corpus for federal prisoners . . . with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, inter alia, imposed in violation of the Constitution or laws of the United States." Boumediene v. Bush, 553 U.S. 723, 774–75, 128 S. Ct. 2229, 2264, 171 L. Ed. 2d 41 (2008) (internal quotation marks and citation omitted). For this reason, the Court construes McGhee's "Petition for Writ of Habeas Corpus" as a motion under 28 U.S.C. § 2255.

[2] Citations to the record in the underlying criminal case, United States of America vs. Keith Lavert McGhee, Case No. 3:18-cr-42-J-25PDB, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:20-cv-1212-J-39PDB, will be denoted as "Civ. Doc. __."

1

In the instant Motion, McGhee asserts violations of his Fourth, Fifth, Sixth, and Eighth Amendment rights. Although McGhee's allegations are somewhat hard to follow, he seems to claim that his conviction was the result of misconduct by the prosecutors, detectives, and defense counsel. McGhee claims that a hotel employee inappropriately removed a firearm from his hotel room, that the prosecutor knew of the employee's actions, and that the prosecutor withheld such evidence during the hearing on McGhee's motion to suppress. McGhee also appears to allege that detectives conspired to harm him in retaliation for being acquitted of an attempted murder charge in state court, and that the Court lacked subject matter jurisdiction over the case.

McGhee has already moved before under 28 U.S.C. § 2255 to vacate his sentence. (See Case No. 3:19-cv-922-J-25PDB, Doc. 1, First § 2255 Motion; Doc. 5, Addendum to First § 2255 Motion). In the First § 2255 Motion and Addendum, McGhee claimed that (1) the Court lacked subject matter jurisdiction over the charged offense because the government did not prove an injury or financial loss to a corporation or other victim, such that there was no effect on interstate commerce; (2) he lacked knowledge of the jurisdictional element of § 922(g); and (3) he committed a mistake of law and lacked the requisite mens rea to be guilty of the charge. The Court denied the First § 2255 Motion and dismissed it with prejudice on January 28, 2020, reasoning that the claims were procedurally defaulted or lacked merit. (Id., Doc. 10). McGhee did not appeal that Order.

More than nine months later, McGhee filed the instant § 2255 Motion. However, because McGhee previously filed a § 2255 motion challenging the same judgment and it was denied, he was required to obtain permission from the Eleventh Circuit Court of Appeals before filing it. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). McGhee did not obtain authorization to file the current motion.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh Circuit has not authorized McGhee to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 Motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Keith Lavert McGhee's "Petition for Writ of Habeas Corpus," construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Civ. Doc. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk shall send McGhee the proper form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.

3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of November, 2020.

BRIAN J. DAVIS
United States District Judge

3

lc 19

Copies:

Counsel of record
Keith Lavert McGhee